UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BELINDA TAYLOR, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:16-cv-03474-MJD-JMS |
| NANCY A. BERRYHILL Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR ATTORNEY FEES**

This matter is before the Court on Plaintiff Belinda Taylor's *Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b)* [Dkt. 36]. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.

### I. Background

On December 22, 2016, Plaintiff filed a complaint seeking to reverse the decision of the Commissioner of Social Security denying her application for Social Security benefits. [Dkt. 1.] On August 15, 2017, the parties filed a Joint Motion to Remand [Dkt. 29], which the Court granted [Dkt. 30]. Judgment was entered in favor of Plaintiff on August 17, 2017. [Dkt. 31.] Plaintiff received an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), in the amount of $2,435.00. [Dkt. 34.]

A second administrative hearing was held, and the Administrative Law Judge ("ALJ") issued a favorable decision. [Dkt. 36-4.] On August 21, 2018, Plaintiff's counsel filed a motion for reasonable attorney fees pursuant to Section 406(b) of the Social Security Act, and submitted

1

therewith a copy of the fee agreement providing for twenty-five percent of the past-due benefits resulting from the claim.  [Dkt. 36.]  The Commissioner does not object to Plaintiff's Motion.  [Dkt. 37.]  This Motion is now before the Court.

## II.     Legal Standard

Section 406(b) of the Social Security Act provides that a district court may grant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" as part of a judgment in favor of the claimant in a disability benefit appeal.  42 U.S.C. § 406(b)(1)(A).  In addition to the allowance of fees pursuant to § 406(b), the EAJA mandates that a court award attorney's fees and other expenses to the prevailing party in civil actions against the United States (such as disability benefit appeals to the federal court).  *See* 28 U.S.C. § 2412(d)(1)(A).  When a prevailing claimant's attorney qualifies for 406(b) fees but has already received a fee award pursuant to the EAJA, "such award offsets the allowable fee under § 406(b)."  *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1080 (E.D. Wis. 2007); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Astrue v. Ratliff*, 560 U.S. 586, 595–96 (2010).  Even where an attorney's 406(b) motion for fees is not opposed, the Court must review the outcome of any contingent fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht*, 535 U.S. at 807.

## III.     Discussion

Plaintiff's counsel seeks an award of attorney fees in the amount of $11,688.00, which is exactly 25 percent of the total past-due benefits awarded to Plaintiff.  [Dkt. 36-2 at 4.]  The Supreme Court in *Gisbrecht* found that § 406(b) was designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel."  535 U.S. at 793.  Those controls include the following parameters: (1) attorney fees may only be obtained if the

claimant is awarded back benefits; (2) attorney fees are awarded from, not in addition to, those back benefits; and (3) attorney fees cannot exceed 25 percent of the back benefits. *Id.* at 795. Here, Plaintiff was awarded back benefits, so an award of § 406(b) attorney fees is appropriate. [Dkt. 36-5.]

However, 25 percent of the award of past-due benefits is not presumptively reasonable "[i]f the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. Within the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 are consistently found to be reasonable. *See, e.g.*, *Zimmerman v. Astrue*, No. 1:08-cv-00228, 2011 WL 5980086, at *3 (N.D. Ind. Nov. 29, 2011) (approving an award equivalent to an hourly rate of $410); *Duke v. Astrue*, No. 1:07-cv-00118, 2010 WL 3522572, at *3-4 (N.D. Ind. Aug. 30, 2010) (approving award equivalent to an hourly rate of $549.14); *Schimpf v. Astrue*, No. 1:06-cv-00018, 2008 WL 4614658, at *3 (N.D. Ind. Oct. 16, 2008) (approving award equivalent to an hourly rate of $583.50). Plaintiff's counsel states that his law firm billed a total of 31 hours on this case.[1] Thus, dividing $11,688.00 (i.e., the award counsel has requested under 406(b)) by the 31 hours spent on the case, Plaintiff's counsel's hourly rate comes to $377.03, which is below the generally accepted range in the Seventh Circuit.[2]

---

[1] In his motion, Plaintiff's counsel reported 11 hours of work spent on this case [Dkt. 36-2 at 5] but had failed to account for work performed by the firm's law clerk, or preparation for hearings before the Social Security Administration. Thus during the hearing on Plaintiff's motion, held on October 9, 2018, Plaintiff's counsel articulated an additional 20 hours of work performed by the firm for Plaintiff's benefit in this matter.

[2] If any attorney's fee is awarded, the services of non-attorneys, such as law clerks, should be taken into account. *Missouri v. Jenkins*, 491 U.S. 274, 286-87 (1989). Courts have calculated the hourly rate based upon the legal team's work as a whole, including both attorney and non-attorney hours. *See Caldwell v. Berryhill*, No. 4:15-cv-00070-TAB-TWP, 2017 WL 2181142, at *2 (S.D. Ind. May 18, 2017); *Santino v. Astrue*, No. 2:06-cv-75-PRC, 2009 WL 1076143, at *4 (N.D. Ind. Apr. 20, 2009). However, even if the Court were to disregard the 10 hours of non-attorney time, the hourly rate would then be $556.57, which is still well within the reasonable range.

Finally, Plaintiff also received an award of $2,435 in EAJA awarded fees. Generally, such an award offsets Plaintiff's requested 406(b) award. *Koester*, 482 F. Supp. 2d at 1080. Plaintiff's counsel promises to refund the extra $2,435 back to Plaintiff after the Court has awarded his current request. [Dkt. 36-2 at 6.] However, the Court has found it more efficient to offset the EAJA award from the requested counsel's fees. *See Cale v. Colvin*, No. 1:12-cv-01527-MJD-RLY, Dkt. 30 at 3 (S.D. Ind. Sept. 24, 2015). Thus, to prevent exceeding the 25 percent maximum fee, the Court offsets the $2,435 EAJA award by subtracting it from the requested $11,688 amount. This reduces Plaintiff's counsel's fee request to $9,253.

### IV. Conclusion

For the aforementioned reasons, the Court **GRANTS** Plaintiff's *Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b)* [Dkt. 36] in the amount of $9,253 to be paid directly to Plaintiff's counsel.

SO ORDERED.

Dated: 10 OCT 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

4

Distribution:

Timothy E. Burns
KELLER & KELLER
timb@2keller.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jill.julian@usdoj.gov

Nicholas Thomas Lavella
KELLER & KELLER
nlavella@2keller.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov

Matthew Frederick Richter
KELLER & KELLER LLP
mrichter@2keller.com

Joseph R. Wambach
KELLER & KELLER
joew@2keller.com